Erasmo Sánchez, demandante y apelante, *v.* Milagros Rosario, demandada y apelada.

Núm. 8058.—*Sometido:* Abril 19, 1940. *Resuelto:* Abril 22, 1940.

*Gaspar Rivera Cestero,* abogado del apelante; la apelada no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La cuestión a resolver en este recurso es la de si la evidencia que ante sí tuvo el juez inferior justifica su conclusión de que el demandante no probó que el propósito de la demandada de no volver a vivir con él fuese firme y definitivo. La sentencia apelada dice así:

"En 28 de abril de 1939 se llamó a vista este caso por su orden de señalamiento en el calendario especial de asuntos civiles corres-

pondiente a dicho día viernes. El demandante compareció en persona y asistido de su abogado, quien anunció estar listo para el acto. La demandada no compareció a pesar de haber sido llamada por el márshal, apareciendo de los autos debidamente anotada su rebeldía, se celebró el juicio y la Corte se reservó su fallo.

"De la prueba practicada no aparece que el abandono del esposo por parte de la esposa sea firme y definitivo, o que el propósito de ésta de no volver a vivir con su esposo esté debidamente establecido. Ni el demandante, ni ninguno de sus testigos, declaró constarle tal extremo. Sobre tal extremo importante solamente se trajo la referencia que la madre del demandante había hablado a la demandada y que ésta le dijo a aquélla que no volvía a vivir con el demandante. La madre del demandante no figuró como testigo en la vista, y no consta que los testigos o alguno de ellos estuviera presente en el acto que tales supuestas manifestaciones fueron hechas y las escucharan.

"Por tanto, la Corte declara sin lugar la demanda, sin costas."

■■ La prueba del demandante consistió de su declaración, de la de su padre José Sánchez Nieves, y de la de Félix Vargas. Declaró el demandante que al llegar por la tarde de su trabajo, no encontró a su esposa en su casa, enterándose que se había trasladado a la de su madre de ella, como a tres o cuatro kilómetros de distancia; que la madre del demandante fué a requerirla para que volviera a vivir con él, contestándole ella que no volvería. El demandante personalmente no hizo ninguna diligencia a ese efecto, apareciendo además de su propia declaración que fué a la casa de su suegra a ver al niño habido en el matrimonio y que vió allí a su esposa, pero no se dirigieron la palabra.

El padre del demandante sólo sabe por referencia que su esposa fué a requerir a su nuera para que volviera al hogar, y Félix Vargas, al preguntársele si sabía que el demandante hubiera hecho alguna gestión a ese mismo efecto, contestó: "Le mandó razón con la mamá de él mismo que se volviera al hogar y dice que no vuelve."

Excluyendo el hecho de la separación, no existe ningún otro acto o manifestación de la demandada que revele su propósito firme de no volver a vivir con el demandante. Las alusiones que hacen los testigos a la visita que la madre del

demandante hiciera a la demandada constituyen evidencia de referencia que ningún crédito pudo merecer a la corte inferior; pero en el supuesto de que la corte hubiera querido dárselo, no reproduciéndose la conversación que hubo entre ellas, no podía la corte determinar si en efecto la conclusión a que se dice había llegado la madre del demandante era o no correcta. Véase *Parés* v. *Echandi,* 55 D.P.R. 163, en el que se estudia la jurisprudencia sobre este punto.

*No apareciendo que la corte inferior cometiera el error que se le imputa, procede desestimar el recurso y confirmar la sentencia apelada.*